Carol HUNTLEY and Michael Huntley in their Capacities as Co–Administrators of the Estate of Richard J. Huntley

v.

EAST GREENWICH FIREMEN'S ASSOCIATION and Joseph A. Greene.

Carol Huntley and Michael Huntley in their Capacities as Co–Administrators of the Estate of Richard J. Huntley

v.

Steven J. Gardiner.

No. 97–326–Appeal.

Supreme Court of Rhode Island.

Oct. 28, 1998.

Mitchell S. Riffkin, Warwick.

John B. Reilley, Warwick, A. Harry Cesario, Wakefield, Geralyn M. Cook, Providence, Steven J. Gardiner.

### ORDER

These cases came before a hearing panel of this court for oral argument on October 20, 1998, pursuant to an order that had directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs, Carol Huntley and Michael Huntley in their capacities as Co–Administrators of the Estate of Richard J. Huntley, appeal from a summary judgment entered in the Superior Court in favor of the defendants in these consolidated actions for wrongful death.

Richard J. Huntley, the decedent, was killed when he was struck by a car on Main Street in the Town of East Greenwich on March 14, 1991 at approximately 8:55 p.m. As a result of this fatal accident, plaintiffs brought action against the driver of the car, Steven J. Gardiner and the East Greenwich Veteran Firemen's Association (the club) and its bartender, Joseph A. Greene. The action against the driver was for negligence and the action against the club was based upon the allegation that the bartender had served a large number of alcoholic drinks to Gardiner while he was a patron at the club before leaving at approximately 8:30 p.m. on the night of the accident. Greene testified that Gardiner did not appear to be intoxicated when he left the club.

Gardiner in two separate depositions testified that he drove his automobile at speeds between twenty-five and thirty-five miles per hour south on Main Street in East Greenwich after leaving the club. There was a precipitation of a mixture of rain and snow as he drove along the roadway. The windshield wipers were operating and Gardiner was able to see the road. He stated that he saw a man later identified as the decedent walking along the sidewalk ahead of him to his right. According to Gardiner the man seemed somewhat off balance and as Gardiner's vehicle came along side the man, there was a sudden impact between the man and the right corner of Gardiner's windshield. There was no damage to the front of the motor vehicle.

Police officers who responded to the scene expressed the opinion that the decedent either stepped off or slipped off the curbstone on to the road surface and into the oncoming car driven by Gardiner. Another witness Lois Linne testified in a deposition that she had also driven in a southerly direction on Main Street a approximately 8:50 p.m. on the night of the accident. She observed a man standing in the right-hand lane of travel so that she had to swerve to avoid hitting him. The man appeared to be thumbing a ride or hitchhiking. On her return trip going in the opposite direction, she saw police cars in the area and noticed a sweatshirt on the ground. She noted the sweatshirt was the same as the man had been wearing.

On the basis of this evidence, a justice of the Superior Court determined that there was no evidence of negligence on the part of Gardiner and, therefore, there was no basis

for liability on the part of the club or the bartender pursuant to the Rhode Island Liquor Liability Act, G.L.1956 §§ 3–14–5 and 3–14–6. He recognized that defendant Gardiner had been drinking. After the accident defendant was charged with driving under the influence of intoxicating liquor, and he pleaded nolo to this offense. One of the arresting officers testified that Gardiner's speech was slurred and he seemed confused. There was further testimony that Gardiner was known to be a heavy drinker but that he generally did not show signs of intoxication.

In ruling on a motion for summary judgment, both the trial justice and this court must view the evidence in the light most favorable to the nonmoving party and may only grant such a motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996). We are of the opinion that in the case at bar, the evidence of negligence on the part of Gardiner was slim. However, his action, in striking the decedent who might be found by a trier of fact to have been in the road immediately preceding the accident rather than on the sidewalk, created a sufficient issue of fact to overcome a motion for summary judgment. If a trier of fact inferred from the testimony of Lois Linne that the decedent was in the roadway, an issue might be raised that Gardiner's impaired condition could have affected his ability to avoid striking the decedent.

By the same token, the motion for summary judgment in respect to the club and the bartender would rise or fall on the evidence of proximate cause that would be based upon findings concerning defendant's negligence as well as his alleged visible intoxication. We conclude that these constitute issues of fact that could not be resolved on summary judgment.

For the reasons stated, we sustain the plaintiffs' appeal, vacate the summary judgment and remand the case to the Superior Court for trial on the merits.

FLANDERS and GOLDBERG, JJ., did not participate.